Joseph Stuchly, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 18,028.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Homer Abbott, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 14, 1913.

### Statement of the Case.

Action by Joseph Stuchly against Chicago City Railway Company for damages for personal injuries. From a judgment for plaintiff for thirty-five hundred dollars, defendant appeals.

James G. Condon and Watson J. Ferry, for appellant; Leonard A. Busby, of counsel.

. James C. McShane, for appellee.

Mr. Presiding Justice F. A. Smith delivered the opinion of the court.

### Abstract of the Decision.

1. Street railroads, §62*—*what care is required in operation.* A street car company which permits its cars to become so overcrowded that passengers are required to ride on the steps is guilty of negligence.

2. Carriers, § 287*—*how passengers are to be carried.* A street car company which accepts a person as passenger while he is standing on the step of the car invites such person to ride in that place, and there is an implied assurance that it is a safe and suitable place to occupy.

3. Carriers, § 284*—*when warning must be given.* Where a fence is erected in close proximity to street car tracks, so as to endanger passengers riding on street cars, warning must be given, and the fact that such fence was not erected by the company is immaterial when it had notice that the fence was there.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

4. STREET RAILROADS, § 135*—*what are questions of fact.* Whether a plaintiff was guilty of contributory negligence in riding on the steps of a street car or in failing to discover a fence which struck him, *held* questions for the jury.

5. STREET RAILROADS, § 124*—*what evidence of an accident is admissible.* Evidence that a street car was crowded when stopped by a wagon, shortly before plaintiff was injured, *held* proper as showing the condition of the car at the time of the accident and as bearing upon the question of the necessity of warning passengers, who were riding on the steps of such car, when it approached a fence.

6. NEGLIGENCE, § 214*—*when instruction may refer to pleadings.* The giving of an instruction referring to the negligence of a defendant "as charged in the declaration" instead of embodying the facts constituting such negligence does not constitute reversible error.

7. STREET RAILROADS, § 62*—*when person is passenger.* A person does not cease to be a passenger or lose his rights as a passenger by leaving a street car at the motorman's request to help in removing a wagon so that the car may proceed.

8. DAMAGES, § 239*—*when verdict will not be disturbed.* Award of thirty-five hundred dollars to person knocked from step of street car by fence adjoining tracks, *held* not grossly excessive or the result of passion and prejudice.